# Neiss *versus* Foster.

1. When the assignment of errors is not according to the rules, an objection by the defendant in error will be regarded.

2. The points should appear in the assignment with the answers of the court, if there be any.

3. If a trespass be complete, the owner of the land is not divested of his right of action by a subsequent sale.

4. The right of action for trespass does not pass to the vendee of the land.

5. Where a suit is in the name of one holding the legal title a recovery may be had and the title to the money be afterwards determined.

6. It matters not to the defendant who gets the money, if there be a legal party entitled to recover it from him.

March 22d 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Carbon county:* Of July Term 1869, No. 130.

This was an action of trespass q. c. f., brought November 26th 1867, by Thomas L. Foster, for the use of James S. Smith, against Joseph Neiss. The plaintiff declared that the defendant broke and entered his close, and cut and carried away hemlock trees, pine trees and spruce trees to the value of $1000.

[Neiss *v.* Foster.]

The plaintiff gave evidence of the cutting on his land by the defendant of white and yellow pine trees, hemlock trees, oak trees and spruce trees.

The defendant gave evidence that in May 1869, Foster declared that he had nothing "to do with the property, he had sold it to Smith."

Neiss, the defendant, testified that he asked Foster for the white-pine timber on his land, and he told him to go and cut whatever he wanted; Foster was then owner of the land; he also produced a receipt from Foster, dated February 11th 1863, for "1900 feet white-pine," cut on his land. Foster conveyed the land to Charles Smith September 13th 1865. Foster testified that the only liberty he ever gave to the defendant, was to cut two pine trees. Neiss afterwards came to him and said he had cut 1900 feet of timber, and paid for it; Foster knew nothing of his cutting other timber until after he had sold the land; the suit was brought with his consent for Smith's benefit, for damages done to the land.

The defendant asked the court to charge:—

1. That Thomas L. Foster not being the owner of the land at the time this suit was brought, the verdict of the jury must be in favor of the defendant.

2. That James Smith, Sr., not being the owner of the land at the time of the alleged trespass, the verdict of the jury must be in favor of the defendant.

3. That if the jury believe that defendant had the consent of Thomas L. Foster to cut the timber upon his land, an action of trespass cannot be sustained, and the verdict must be for the defendant.

4. That Mr. Foster having testified that the suit has been brought for the use of James Smith, and that he is to receive the damages, he cannot recover under the Act of Assembly, he not being the owner of the land at the time of the commission of the alleged trespass.

5. There is no evidence that Thomas L. Foster has assigned any claim for damages for the alleged trespass to James Smith, Sr., and the verdict of the jury must be for the defendant.

6. That under the evidence in the cause, the plaintiff cannot recover.

The court (Ryan, P. J., of the Twenty-first District) charged: —  .* * *

"Trespass upon land consists in the unlawful entry upon the freehold. If the entry is lawful, the fact that the defendant exceeded his authority while upon the land would not make him a trespasser from the beginning. There is this distinction, however, which must be made under the facts of this case. The plaintiff, Thomas L. Foster, swears that he gave the defendant the privilege to cut two white-pine trees. But the defendant swears that

[Neiss v. Foster.]

the plaintiff Foster gave him a license or privilege to go upon this tract of land and cut white-pine timber; that Foster gave him the right to cut whatever he wanted upon the land. Now, if the privilege was only to cut two white-pine trees, and the defendant after cutting them entered subsequently, and by repeated trespasses cut the other timber, we think the plaintiff can recover in this action for the timber taken at subsequent times to the cutting of the white-pine under the license from Foster. If, however, the whole timber was cut at the same time, the defendant had entered under the authority from Foster and while he was acting under the license from the owner, then the plaintiff cannot recover, for the reason that the exceeding of the authority to cut timber when the entry was lawful would not make the act a trespass. The plaintiff must recover in some other form of action.

"Upon the other hand, if the defendant had authority to cut whatever timber he pleased, the plaintiff cannot recover. An authority to cut whatever white-pine the defendant pleased, would not make the cutting of other kinds of timber a trespass. The plaintiff might perhaps recover the value of all the timber cut, but not in this form of action, and under the Act of 1824." * * *

"The court answer the defendant's points as follows:—

"The 1st point declined. The plaintiff, Thomas L. Foster, was the owner of the land at the time the timber was cut by the defendant. The subsequent transfer of the legal title to Smith did not operate as an assignment of the alleged tort, nor divest the right of action in Foster.

"The 2d point declined.

"The 3d point affirmed, if the jury so find the facts.

"The 4th and 5th points declined.

"The legal plaintiff, Thomas L. Foster, being the party to whom the damages, if any, accrued, the making it to the use of Smith would not make it necessary to prove a transfer of the claim for damages to Smith. The right to the damages can be ascertained after the determination of this suit in some other way, or in an issue to determine the right. The defendant is not interested in the question to whom the damages may go. He is entitled to have the record so made as to be a bar to subsequent suits for the same cause, and as the legal plaintiff is upon the record, this record would be a bar to a subsequent action for the same cause.

"The 6th point declined."

The verdict was for the plaintiff for $250.

The defendant removed the case to the Supreme Court. His assignments of error were in the following form:—

I. The court erred in answering the defendant's 1st point as follows: "The 1st point read and the instruction declined. The plaintiff, Thomas L. Foster, was the owner of the land at the time the timber was cut by the defendant. The subsequent transfer of

14 P. F. Smith—32

[Neiss *v.* Foster.]

the legal title to Smith did not operate as an assignment of the alleged tort, nor divest the right of action in Foster."

II. The court erred in answering defendant's 2d point as follows: "The 2d point read and the instruction declined."

III. The court erred in answering defendant's 4th point as follows: "The 4th point read and declined."

IV. The court erred in answering defendant's 5th point as follows: "The 5th point read and declined. The legal plaintiff, Thomas L. Foster, being the party to whom the damages, if any, accrued, the marking it to the use of Smith would not make it necessary to prove a transfer of the claim for damages to Smith. The right to the damages can be ascertained after the determination of this suit in some other way, or in an issue to determine the right. The defendant is not interested in the question to whom the damages may go. He is entitled to have the record so made as to be a bar to subsequent suits for the same cause, and as the legal plaintiff is upon the record, this record would be a bar to a subsequent action for the same cause."

V. The court erred in answering defendant's 6th point in the negative.

*E. Harvey* and *S. A. Bridges*, for plaintiff in error.—Trespass under the Act of March 29th 1824, Purd. 961, pl. 2, can be maintained only by the owner of the land: Tammany *v.* Whittaker, 4 Watts 221. Foster had no interest when the suit was brought, and could therefore show no title to recover: Bishop *v.* Hayward, 4 T. R. 470. Declarations of party are evidence to show that his title is bad: Marshall *v.* Sheridan, 10 S. & R. 268; Galbraith *v.* Elder, 8 Watts 81; Dickinson *v.* Dickinson, 9 Metc. 471; Quinlan *v.* Davis, 6 Wharton 169.

*M. M. Dimmick*, for defendant in error, objected that the assignment of errors was not in accordance with the rules of court. The owner of the land at the time of the trespass can maintain the action: Armstrong *v.* Lancaster, 5 Watts 68; Montgomery *v.* Cook, 6 Id. 241; Commonwealth *v.* Lightner, 9 W. & S. 118. License cannot be given in evidence under the general issue: Bennett *v.* Allcott, 2 T. R. 166; Gronover *v.* Daniels, 7 Blackf. 108; Crabbs *v.* Fetrick, Id. 373. If one exceeds his license he is liable in trespass for consequential damages: Kissecker *v.* Monn, 12 Casey 313; Act of April 20th 1846, Purd. 697.

The opinion of the court was delivered, March 31st 1870, by

THOMPSON, C. J.—The defendant in error, in effect, demurs to the assignment of errors by the plaintiff in error, for want of compliance with the rules of court. It is his right to do so. By reference to the rules of this court, 6 Harris 578, and to the case

[Neiss v. Foster.]

of Buckholder v. Stahl, 8 P. F. Smith 371, it will be seen that the objection is well taken, and when so taken we are pledged by the rules and the cases mentioned to regard it. These references will explain fully wherein these assignments are defective. The points should appear in the assignments of error, with the answers of the court thereto, if there be any. The former of these requisites is wanting. The latter is not.

We will, however, step out of our way, to say, which we may do when we would affirm, that the learned judge was altogether right in charging as he did, that if the trespass was complete while. Foster, the legal plaintiff, was the owner of the land, the right of action immediately accrued to him, and was not divested by his subsequent sale to another; nor did it pass to that other by the conveyance. He was also right in disregarding the use plaintiffs in the case. Indeed, this is anomalous in torts. In fact, strictly speaking, it is so in most cases, beyond possibly serving, under some circumstances, as notice of an equitable assignment; perhaps, rather as evidence of it. In this case the title to the money, as the learned judge properly said, could be determined after recovery had. It is no matter to the defendant who gets it, if there be a legal party entitled to recover it from him.

Judgment affirmed.